UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN LEE CZAPLA,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>Respondent. | CASE NO. C11-0317-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

This matter comes before the Court on Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. No. 6), Petitioner's motion for appointment of counsel (Dkt. No. 22), Petitioner's motion to supplement the record with new evidence (Dkt. No. 24), the Report and Recommendation of United States Magistrate Judge James P. Donohue (Dkt. No. 26), and Petitioner's response to the Report and Recommendation (Dkt. No. 27). Having thoroughly considered Judge Donohue's Report and Recommendation, the parties' briefing, and the remainder of the record, the Court hereby ADOPTS the Report and Recommendation for the reasons explained below.

## I.  DISCUSSION

The district court must make a de novo determination of those portions of a magistrate judge's report or specified proposed findings or recommendations to which a party objects. 28 U.S.C. § 636(b)(1). However, de novo review is not required when a party fails to direct a court

to a specific error in the proposed findings and recommendations. 32 Am. Jur. 2d *Federal Courts* § 145 (2010). A mere recitation or summary of arguments previously presented is not an "objection" as that term is used in this context since a valid "objection" must put the district court on notice of potential errors in the magistrate judge's report and recommendation. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937-938 (E.D. Mich. 2004). As the Sixth Circuit has explained, without a specific objection to particular aspects of the report and recommendation, "the district court's attention is not focused on any specific issues for review, thereby making the initial [referral] to the magistrate useless. . . . [t]his duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Petitioner's response to the Report and Recommendation essentially restates his previously stated arguments and does not contain any valid "objections" for the Court's review. While Petitioner clearly disagrees with the magistrate judge's conclusions, his response specifies no particular error in the Report and Recommendation, contains no discussion of the relevant law, and ultimately fails to cast any doubt on the magistrate judge's sound reasoning.

In any case, the Court has reviewed the state court record de novo and agrees with the magistrate judge that the claims set forth in petitioner's federal habeas petition are unexhausted. Specifically, the claims now pursued by petitioner in federal court were not raised in his state court personal restraint petition and therefore were not fairly presented to the state courts, such that they can be considered exhausted. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (stating that "to exhaust a habeas claim, a petitioner must properly raise it on every level of direct review").

Therefore, the Court ORDERS as follows:

(1) The Report and Recommendation (Dkt. No. 26) is adopted and approved.

(2) Petitioner's habeas petition (Dkt. 6) is DENIED, and this matter is DISMISSED with prejudice.

1     (3)     Petitioner's motion for appointment of counsel (Dkt. 22), and motion to supplement the record with new evidence (Dkt. 24) are DENIED.

    (4)     In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED with respect to all grounds asserted by petitioner in his habeas petition.

    (5)     The Clerk is directed to send a copy of this Order to Petitioner, all counsel of record, and Judge Donohue.

DATED this 29th day of December 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE